IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 08-30016-02-GPM |
| JEANETTE A. RILEY, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On February 23, 2009, Defendant Jeanette A. Riley was sentenced to a total term of imprisonment of 18 months, followed by 3 years of supervised release. In arriving at this sentence, the Court granted the Government's motion for downward departure under U.S.S.G. § 5K1.1 and reduced her sentence from 60 months to 18 months. On April 15, 2009, Defendant filed a *pro se* motion for a reduction of sentence. She asks the Court to reduce her sentence from 18 months to 1 year and 1 day, and also for a split sentence with four-and-a-half months of incarceration and the other seven-and-a-half months of home confinement.

"A post-judgment motion needs a source of authority for the judge to act," "for once a criminal case ends in a sentence the judge's power lapses." *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Federal Rule of Criminal Procedure 35 governs correcting or reducing a sentence. The Court may correct a sentence that resulted from arithmetical, technical, or other clear error *within 7 days after sentencing*. FED. R. CRIM. P. 35(a). Not only is Defendant's motion untimely under this provision, but she has failed to allege any such error. Rule 35(b) provides, in pertinent part, that "[u]pon the government's motion made within one year of sentencing, the court

may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." FED. R. CRIM. P. 35(b)(1). It is well-established that only the Government may file a motion pursuant to Rule 35(b). *See, e.g., United States v. McDowell*, 117 F.3d 974, 979 (7th Cir. 1997). At this time, the Government has not filed a Rule 35(b) motion for a further reduction of Defendant's sentence. As stated above, the Government filed a motion for reduction *at sentencing* based on Defendant's substantial assistance. *See* U.S.S.G. § 5K1.1. Moreover, Defendant's current request is not based on the assistance that she rendered; rather, she seeks the reduction to enable her to work, complete continuing education, care for her youngest child, and see her ailing mother. Defendant is not entitled to a reduction under Rule 35.

Defendant asserts nothing that would allow the Court to construe her motion as a collateral attack on her sentence under 28 U.S.C. § 2255. *Cf. United States v. Richardson*, 558 F.3d 680, 681 (7th Cir. 2009) (construing the defendant's motion to compel the government to file a Rule 35(b) motion as a collateral attack on his sentence under § 2255). In fact, Defendant states in her motion for reduction: "I realize this is a lot to ask and I have no right to do so, but I cannot let it go un-asked as I feel I would be hurting my family even more if there was more I could do and didn't try everything I could" (Doc. 106, p. 2). In that regard, the Court declines Defendant's request to write a letter of recommendation to the Office of Banks & Real Estate Licensing Board to help her keep her license as a certified appraiser.

For the foregoing reasons, Defendant's *pro se* motion for reduction of sentence (Doc. 106) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 05/27/09

                 s/ *G. Patrick Murphy*
                 G. PATRICK MURPHY
                 United States District Judge